IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| DARRYL TAYLOR | * | |
|     Petitioner | | |
| v. | * | Civil Action No. RDB-13-655 |
| | | Criminal Action No. RDB-07-307 |
| UNITED STATES OF AMERICA | * | |
|     Respondent | | |
| | *** | |

**MEMORANDUM OPINION**

On February 28, 2013, Petitioner Darryl Taylor ("Taylor") filed a "Notice to the Court in the Entrust [sic] of a Fair and Just Consideration of Justice." ECF No. 42. He filed an "Addendum" to the Notice on March 4, 2013, arguing that a Supreme Court ruling in March of 2012,[1] seemingly provides him "newly discovered evidence" upon which to raise an Sixth Amendment claim to attack his September 22, 2008 conviction in a timely manner. *See* 28 U.S.C. § 2255(f)(3).

This case requires the Court to determine whether Taylor's post-judgment filing must be construed as an unauthorized and successive § 2255 motion attacking his conviction because he has previously filed a § 2255 application[2] and has not obtained court of appeals certification for the present filing as required under 28 U.S.C. § 2255(h) or, alternatively, a proper motion under

---

[1] Taylor cites to *Missouri v. Frye*, 132 S. Ct. 1399 (2012) and *Lafler v. Cooper*, 132 S.Ct. 1376 (2012). His interpretation is misguided. These cases discussed counsel's obligation to negotiate and to communicate plea offers in the context of ineffective assistance claims. The U.S. Supreme Court has not stated the cases announced a new rule of law. These cases involved an application of the Sixth Amendment right to counsel as defined in *Strickland v. Washington*, 466 U.S. 668 (1984). *See In re Perez*, 682 F.3d 930, 933-34 (11th Cir. 2012).

[2] Taylor has already concluded an unsuccessful collateral attack on his federal conviction under § 2255. *See Taylor v. United States*, Civil Action RDB-11-82 (D. Md.). That Motion, raising ineffective assistance of counsel, abuse of court's discretion, and illegal sentence grounds, was dismissed as time-barred on May 16, 2011, after briefing by Taylor and the Government. Taylor did not appeal that determination. This constitutes a decision on the merits that renders future § 2255 motions challenging the same conviction second or successive petitions under § 2244(b). *See Villanueva v. United States*, 346 F.3d 55, 61 (2d Cir. 2003).

Rule 60(b) of the Rules of Civil Procedure seeking a remedy for some defect in the collateral review process itself.  The answer to this question is important because it has jurisdictional implications. If Taylor's filing is construed as an unauthorized and successive § 2255 motion directly attacking his conviction or sentence, then this court lacks jurisdiction to consider it. *United States v. Winestock,* 340 F.3d 200, 206 (4th Cir. 2003).

This filing represents another direct attack on Taylor's federal conviction.  Taylor is asking this Court to correct an allegedly illegal and unconstitutional sentence.  He claims that (1) he received ineffective assistance of counsel in his criminal case because counsel did not file a brief under *Anders v. California*, 386 U.S. 738 (1967); (2) his due process rights were violated due to prosecutorial delay; (3) the indictment did not follow the procedures set out under the Federal Rules of Criminal Procedure; (4) the indictment did not charge him with a cognizable offense because the elements were not set out in the indictment; (5) his sentence was improperly enhanced by incorrect information prepared in his pre-sentence report; (6) he is "actually innocent" of his sentence enhancement; (7) the Court has the discretion to depart from the mandatory minimum term under 18 U.S.C. § 3553(A) and may impose a lesser sentence; (8) his sentence is illegal; (9) the Court abused its discretion when it did not advise him of the minimum sentence it could have imposed; (10) the charge under 18 U.S.C. § 922(g)(1) was selectively enforced against him; and (11) his illegal sentence cannot be waived due to substantive constitutional violation. ECF No. 42.

The Court has examined the pleading to determine whether it is properly considered a Rule 60(b) Motion and concludes that it should not.  This Circuit has held that Rule 60(b) motions should be treated as successive applications for post-conviction relief under 28 U.S.C. § 2255 when they present claims that are equivalent to additional habeas claims." *Hunt v. Nuth,* 57

2

F.3d 1327, 1339 (4th Cir. 1995). Taylor does not raise a challenge to the integrity of the Court's previous denial of his prior § 2255 application, rather his challenge implicates the validity of his underlying conviction and sentence. *See Williams v. Chatman*, 510 F.3d 1290, 1295 (11th Cir. 2007) (contention that district court erred in refusing additional briefing was a proper subject of a Rule 60(b) motion). Therefore, Taylor's pleading is properly construed as a successive § 2255 motion. *See Winestock,* 340 F.3d at 207 (a motion directly attacking the inmate's conviction or sentence will usually amount to a successive application); *see also Rodwell v. Pepe*, 324 F.3d 66, 70 (1st Cir. 2003); *Unites States v. Terrell*, 141 Fed. App'x. 849, 850 (11th Cir. 2005) (motion raising brand new substantive claims for relief on the merits and not presented in defendant's initial motion to vacate, were properly treated by district court as successive motion to vacate sentence).

Successive § 2255 motions may not be filed absent authorization to do so from the Fourth Circuit Court of Appeals. *See* 28 U.S.C. § 2244(b)(3)(A) & 2255(h); *In re Avery W. Vial*, 115 F.3d 1192, 1197-98 (4th Cir. 1997) (en banc). Taylor has provided no evidence that he received authorization to file a successive Motion to Vacate by the appellate court as required pursuant to 28 U.S.C. § 2244(b)(3)(A).[3]

An inmate who filed a Motion to Vacate has no absolute entitlement to appeal a district court's denial of his Motion. *See* 28 U.S.C. § 2253(c) (1). "A certificate of appealability may issue ... only if the applicant has made a substantial showing of the denial of a constitutional

---

[3] The United States Court of Appeals for the Fourth Circuit has set forth instructions for the filing of a "motion" to obtain the aforementioned authorization Order. The procedural requirements and deadlines for filing the "motion" are extensive. Consequently, this Court has attached hereto a packet of instructions promulgated by the Fourth Circuit which addresses the comprehensive procedure to be followed should Petitioner wish to seek authorization to file a successive petition. It is to be emphasized that Taylor must file the "motion" with the Fourth Circuit and obtain authorization to file his successive petition before this Court may examine his claims.

right." *Id*. at §2253(c) (2). The Defendant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282, (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484, (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" *Miller-El v. Cockrell*, 537 U.S. 322, 335-36, (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983).

When a district court dismisses a motion to vacate solely on procedural grounds, a Certificate of Appealability will not issue unless the Petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Rose v. Lee*, 252 F.3d 676, 684 (4th Cir. 2001) (quoting *Slack*, 529 U.S. at 484 (2000)). Taylor has not made the required showing and the Court declines to issue a Certificate of Appealability. His Motion to Vacate will be dismissed without prejudice for lack of jurisdiction. A separate Order shall be entered reflecting the opinion set out herein.


Date: March 7, 2013                                    _____/s/_____
                                                                            RICHARD D. BENNETT
                                                                       UNITED SATATES DISTRICT JUDGE